**XIAN CHEN, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,\* Respondent.**

**No. 08–2961–ag.**

United States Court of Appeals, Second Circuit.

June 17, 2009.

Benjamin B. Xue, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, David V. Bernal, Assistant Director, Lance L. Jolley, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSÉ A. CABRANES and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner, Xian Chen, a native and citizen of the People's Republic of China, seeks review of the May 20, 2008 order of the BIA, adopting and affirming the January 26, 2007 decision of Immigration Judge

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted as the respondent in this case.

("IJ") William Van Wyke denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xian Chen,* No. A 98 593 018 (B.I.A. May 20, 2008), *aff'g* No. A 98 593 018 (Immig. Ct. N.Y. City Jan. 26, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 523 (2d Cir.2007). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

The IJ credited Chen's claim that he was a practicing Christian. However, the IJ nonetheless found that Chen failed to establish eligibility for relief based solely on his Christianity because the background evidence Chen submitted did not demonstrate that all Christians in China have a well-founded fear of persecution. Chen failed to challenge that finding on appeal to the BIA, and the government has raised that failure to exhaust in its brief. Thus, to the extent Chen's brief may be read to challenge the IJ's decision in this respect, we decline to consider his unexhausted arguments. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007).

Additionally, substantial evidence supports the IJ's adverse credibility determination, which was based on demeanor, inconsistencies, implausibility, and the similarity of his asylum application and the affidavits allegedly prepared by his mother and cousin. *See Corovic,* 519 F.3d at 95. Before the BIA, Chen failed to challenge the IJ's findings that (1) his testimony that he proselytized was implausible given his own inability to discuss his faith with any enthusiasm or detail; and (2) his asylum application and the letters from his cousin and mother were so strikingly similar as to call into question their authenticity. Therefore, he failed to exhaust any challenge to those findings. *See Lin Zhong,* 480 F.3d at 119–20. In any event, they were valid bases for the IJ's adverse credibility determination. *See Ying Li v. BCIS,* 529 F.3d 79, 82–83 (2d Cir.2008) (credibility finding supported by the implausibility of petitioner's testimony that she promoted Falun Gong to classmates without ever learning or practicing it); *Singh v. BIA,* 438 F.3d 145, 148 (2d Cir.2006) (credibility finding supported by striking similarities between affidavits allegedly prepared by different people).

Among the inconsistencies relied on by the IJ, Chen testified that he saw the pastor in the yard of a church that (he testifies) was demolished five years earlier, Chen testified that he did not see the pastor or his cousin earlier in the day before the pastor came to Chen's home, yet a cousin's affidavit indicated that he and Chen went to see the pastor preach earlier in the day. While Chen offered explanations for these inconsistencies, we cannot find that the IJ erred by declining to credit them. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005). Chen argues that these were minor inconsistencies with no bearing on his claim; but they concern the central details of his claim. Inconsistencies as to these events call into

question the entirety of his claim. *See* 8 U.S.C. § 1101(a)(42).

As stated above, Chen has failed to challenge the IJ's finding that he did not demonstrate the objective reasonableness of his fear of persecution based on his Christianity alone. Thus, the adverse credibility determination in this case necessarily precludes success on his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.